**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CYNTHIA R. SPILLERS,
                    *Plaintiff-Appellant,*

v.

BROOKE COUNTY BOARD OF
EDUCATION,
                    *Defendant-Appellee.*

No. 01-1994

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CA-00-51-5)

Submitted: December 12, 2001

Decided: January 14, 2002

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William A. Kolibash, PHILLIPS, GARDILL, KAISER & ALT-
MEYER, Wheeling, West Virginia, for Appellant. Elizabeth D.
Harter, BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C.,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Cynthia R. Spillers appeals from the district court's grant of summary judgment in favor of Brooke County Board of Education ("Board") on her claim filed under Title VII of the Civil Rights Act of 1964, 28 U.S.C.A. § 2000e-3(a) (West Supp. 2001). Spillers alleged she was terminated in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission in June 1996. We affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To prevail on a Title VII retaliation claim, Spillers must show: (1) she engaged in a protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal connection between the first two elements. *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir. 1996). If Spillers establishes a prima facie case, the burden shifts to the Board to produce evidence of a legitimate, non-discriminatory reason for the adverse action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If the Board meets this burden, Spillers must show by a preponderance of the evidence that the proffered reason was pretextual and that the adverse action was motivated by discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000).

We have reviewed the parties' briefs and joint appendix and the district court's order and find no reversible error. Accordingly, we

affirm on the reasoning of the district court. *See Spillers v. Brooke County Bd. of Educ.*, No. CA-00-51-5 (N.D.W. Va. July 11, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*